**E-FILED**
Friday, 01 February, 2013  03:26:21 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| MURRY MOODY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.   13-cv-1034 |
| | ) | |
| RICARDO RIOS, | ) | |
| | ) | |
| Respondent. | ) | |

## O R D E R   &   O P I N I O N

This matter is before the Court on Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). The Court, in its discretion, applies the Rules Governing Section 2255 Cases in the District Courts to this case, including Rule 4, which requires that the Court "promptly examine" the Petition, and dismiss it if it "plainly appears…that the petitioner is not entitled to relief." *See* Rule 1(b) Governing Section 2255 Cases in the District Courts.[1]

The Second Chance Act of 2007 allows an offender to "spend[] a portion of the final months of [his] term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility." 18 U.S.C. § 3624(c)(1). In his § 2241 Petition,

---

[1]     *See also Poe v. United States*, 468 F.3d 473, 477 n. 6 (7th Cir. 2006) ("Rule 1(b) of these rules allows them to be applied to other habeas corpus petitions, such as [federal prisoner's] § 2241 petition."); *Hudson v. Helman*, 948 F.Supp. 810, 811 (C.D. Ill. 1996) (Rule 4 takes precedence over § 2243's deadlines and gives court discretion to set deadlines) (*citing Bleitner v. Welborn*, 15 F.3d 652, 653-54 (7th Cir. 1994) (Rule 4 is superseding statute over § 2243); *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985) (court may apply § 2254 Rules to § 2241 cases)).

Petitioner alleges that the Bureau of Prisons improperly applied the terms of the Second Chance Act in denying his request to be placed in a Residential Re-entry Center, or halfway house, for a period of more than six months. The Court cannot say that the Petition is without merit.

IT IS THEREFORE ORDERED:

1.      The Clerk SHALL serve a copy of the Petition (Doc. 1) by certified mail upon Respondent pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts. The Clerk SHALL also serve a copy of the Petition upon the Illinois Attorney General.

2.      Respondent SHALL file an answer, motion, or other responsive pleading to Petitioner's claims within fifty-six days after service of this Order. Respondent should address any facts which would establish whether Petitioner's remaining claims are untimely or procedurally barred. In addition, Respondent should address the merits of Petitioner's constitutional claims and otherwise fully comply with Rule 5 of the Rules Governing Section 2254 Proceedings for the United States District Courts.

3.      Petitioner MAY file a reply to Respondent's response within twenty-eight days of being served with the response.

4.      Petitioner SHALL serve upon Respondent a copy of every further pleading or other document submitted for consideration by the Court.

Entered this 1st day of February, 2013.

                                        s/ Joe B. McDade
                                        JOE BILLY McDADE
                                        United States Senior District Judge