# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| MURRY MOODY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 13-cv-1034 |
| | ) |
| RICARDO RIOS, | ) |
| | ) |
| Respondent. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). For the reasons stated below, the Petition is denied.

In his § 2241 Petition, Petitioner alleges that the Bureau of Prisons improperly applied the terms of the Second Chance Act, 18 U.S.C. § 3624, in denying his request to be placed in a Residential Re-entry Center, or halfway house, for a period of more than six months. (Doc. 1). The Court reviewed the Petition, and required Respondent to file a Response to it, which Respondent has now filed. (Docs. 3 & 6). The Response's argument focuses, as directed by the Court, on the merits of the Petition; Respondent asserts that the Bureau of Prisons' analysis followed the requirements of the statute and that its conclusion was reasonable.[1] (Doc. 6).

---

[1] The Court herein assumes, following the rationale of other District Courts in this Circuit that 28 U.S.C. § 2241 is the appropriate basis for Petitioner's claim. *Feazell v. Sherrod*, No. 10-901-GPM, 2010 WL 5174355, *1 (S.D. Ill. Dec. 16, 2010) (citing *Richmond v. Scibana*, 387 F.3d 602, 605-06 (7th Cir. 2004)) ("Seventh Circuit has recognized that a Section 2241 petition is a proper vehicle by which to challenge the BOP's decisions about inmate placement, though not to challenge BOP policies

There are five factors that are to be considered in the Bureau of Prisons' determination of where a prisoner should be imprisoned: (1) the resources of the facility contemplated; (2) the nature and circumstances of the prisoner's offense; (3) the prisoner's history and characteristics; (4) any statement by the sentencing court; and (5) any pertinent policy statement issued by the Sentencing Commission. 18 U.S.C. § 3621(b). The Bureau of Prisons is directed to "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). "If the [Bureau of Prisons] considers the relevant factors in making its determination, a challenge…could not succeed unless the plaintiff could show that the decision was arbitrary, capricious, or otherwise an abuse of discretion, a difficult standard for the plaintiff to meet." *Tristano v. Federal Bureau of Prisons*, No. 07-C-113-C, 2008 WL 3852699, *1 (W.D. Wis. May 15, 2008) (citing 5 U.S.C. § 706; *Berrios v. Minor*, No. 4:CV-06-1662, 2007 WL 914087, *3 (M.D. Pa. Mar. 23, 2007)); *see also Singleton v. Smith*, No. 09-1248, 2010 WL 744392, *2 (C.D. Ill. Feb. 26, 2010) (citing *Woods v. Wilson*, No. 09-cv-0749, 2009

---

governing such placement."); *Woods v. Wilson*, No. 09-cv-0749, 2009 WL 257941, *1 (N.D. Ill. Aug. 19, 2009) (citing *Richmond*, 387 F.3d at 605; *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991)) (claim that "BOP has not correctly used the criteria set forth in 18 U.S.C. § 3621(b) to determine his placement into a halfway house" appropriately brought under 28 U.S.C. § 2241 because not a challenge to BOP's policies under § 3621(b)); *Pence v. Holinka*, No. 09-cv-489-slc, 2009 WL 3241874, *1 (W.D. Wis. Sept. 29, 2009) (citing *Glaus v. Anderson*, 408 F.3d 382, 387-88 (7th Cir. 2005); quoting *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991)) ("a petition under § 2241 is the proper way to bring this challenge because success on the claim would mean that petitioner is entitled to 'a quantum change in [his] level of custody' at a particular time").

2

WL 257941, *2 (N.D. Ill. Aug. 19, 2009)). It is not this Court's function to determine for itself whether the Bureau of Prisons' decision was the best decision, but only to ensure that it was not arbitrary, capricious, or an abuse of discretion. *Singleton*, 2010 WL 744392, *2; *Pence v. Holinka*, No. 09-cv-489-slc, 2009 WL 3241874, *3 (W.D. Wis. Sept. 29, 2009).

As shown by the documents attached to the Petition, the Bureau of Prisons, at both the initial stage and at subsequent levels of review, considered the relevant factors in reaching a rational conclusion. Petitioner was informed that the Bureau of Prisons took into account his 10-year sentence, that he had quit an in-prison job, and that friends or family had deposited money into his prison account. (Doc. 1 at 11-12, 15). The Bureau of Prisons' conclusion was that six months in a RRC was therefore sufficient to help Petitioner make a successful transition upon release. Respondent now also asserts that Petitioner's job skills, work history, communication skills, basic living skills, savings, and family support were considered in making this decision.[2] (Doc. 6 at 3 (citing Doc. 8)). Given the high level of deference that must be given to the Bureau of Prisons' determination under §

---

[2] Respondent included an Inmate Skills Development Plan Progress Report as an appendix to its Response, and relies on that Report in making this argument. (Doc. 6 at 3 (Doc. 8)). It is not plain from this Report that it was considered by the Bureau of Prisons in making Petitioner's placement decision, and Respondent does not explain how it was used. The Court does not believe that any further rationale other than the one supplied to Petitioner himself (his 10-year sentence, his quitting of an in-prison job, and money deposited into his prison account) is necessary to explain the Bureau of Prisons' decision under § 3621(b). Even if this were insufficient, though, the Court could only order a reconsideration of the applicable factors, and the facts in the Report only bolster the finding that Petitioner can manage the transition to release with only six months in a halfway house, and show that such a reconsideration would result in the same conclusion.

3621(b), the Court cannot say that this decision was arbitrary, capricious, or an abuse of discretion, notwithstanding Petitioner's disagreement with it.

Petitioner argues that the Bureau of Prisons should have given more weight to the fact that he does not currently have a place to live upon his release, and should have concluded that his circumstances warranted 12 months in a halfway house, rather than six months, pointing out that homelessness may be a factor in recidivism. Petitioner misunderstands this Court's limited role regarding the Bureau of Prisons' § 3621(b) determinations. "It may even be that, on a clean slate, a decision maker looking at petitioner's circumstances would have given petitioner more than six months. But this is not a clean slate; this court's role is not to review the factors independently and decide what is best for petitioner." *Pence*, 2009 WL 3241874, *3. Instead, the statute entrusts that decision to the Bureau of Prisons, and this Court's only function is to ensure that it considered the applicable factors, and that its decision is not arbitrary, capricious, or an abuse of discretion. Because the Bureau of Prisons applied the relevant factors and came to a rational decision, the Court cannot grant the Petition.

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is DENIED. CASE TERMINATED.

Entered this <u>16th</u> day of September, 2013.

s/ Joe B. McDade  
JOE BILLY McDADE  
United States Senior District Judge